## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**TERESA A. TEVIS**                                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 4:09CV-P98-M**

**SOUTHERN HEALTH CARE PARTNERS**                            **DEFENDANT**

### MEMORANDUM OPINION

This matter is before the Court on Defendant's motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). For the reasons set forth below, the Court will grant Defendant's motion.

Plaintiff commenced this action in October 2009 by mailing a completed 42 U.S.C. § 1983 civil rights complaint form to the Court. At that time, Plaintiff was incarcerated at the Daviess County Detention Center in Owensboro.[1] The Court entered a Scheduling Order on March 4, 2010, allowing Plaintiff's claims to proceed for further development. Among other things, it required Plaintiff to turn over any relevant documents to Defendant and to file a certification of compliance after doing so, no later than July 12, 2010. Under the Scheduling Order, Plaintiff was also required to file a pretrial memorandum with the Court no later than August 11, 2010. Plaintiff was warned that a failure to comply with the directives in the Court's Scheduling Order would result in dismissal of this action. A review of the record reveals that Plaintiff has not made any filings with the Court since filing the complaint. Additionally,

---

[1] The Daviess County Detention Center's on-line inmate lookup system does not list Plaintiff as being currently incarcerated at that facility. Plaintiff, however, has not notified the Court of an address change.

Defendant states that Plaintiff has failed to respond to its discovery requests and letters.

Rule 41(b) of the Federal Rules of Civil Procedure allows for dismissal for failure to prosecute or failure to comply with court orders. *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* at 363. A district court therefore "must be given substantial discretion in serving these tasks." *Id.* Nevertheless, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). Four factors are relevant in determining whether dismissal is appropriate: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced; (3) whether the Court issued a prior warning that failure to cooperate could lead to dismissal; and (4) the availability of less drastic sanctions. *Knoll*, 176 F.3d at 363.

In this case, Plaintiff has not taken any action in this case since filing her complaint almost a year ago. She did not file any requests for extension of time. Rather, she deliberately allowed the deadlines to pass and ignored her discovery obligations to Defendant. Defendant was certainly prejudiced by Plaintiff's behavior as it was unable to take discovery from her. Plaintiff was plainly warned in the Court's Scheduling Order that she was obligated to comply with the stated deadlines and that her failure to do so would result in dismissal. Finally, the imposition of less drastic sanctions appears impossible in this case because Plaintiff did not change her address of record with the Court despite the fact that she is no longer listed as being incarcerated at the Daviess County Detention Center. As such, it is not possible for the Court to

contact Plaintiff. For these reasons, the Court finds that this action should be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

The Court will enter a separate Order of Dismissal.

Date:


cc: Plaintiff, *pro se*
 Counsel of record

4414.008